UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH RUSSELL JUDD,

Petitioner,

v.

U.S.A. and
CONSTANCE REESE, Warden,

Respondents.

Civil No. 00-1864 (JMR/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be TRANSFERRED to the U.S. District Court for the Western District of Texas.

## I. BACKGROUND

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota, serving a 210-month federal prison sentence that was imposed on September 27, 1999. According to the petition, he was sentenced in Midland, Texas, which is located in the Western District of Texas. (Petition, [Docket No. 1], p. 2.) The petition does not clearly indicate the nature of Petitioner's conviction, nor does it clearly indicate whether Petitioner has previously challenged his conviction or sentence on direct appeal, or by motion

FILED 8/23/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

brought under 28 U.S.C. § 2255.[1]

It is clear, however, that Petitioner is attempting to challenge the validity of his conviction in his current petition for habeas corpus relief brought under 28 U.S.C. § 2241. He has listed three grounds for relief in support of his application for a writ of habeas corpus, which are (as the Court understands them) as follows: (1) that Petitioner has a valid defense to the charges against him in that he is (allegedly) "the legal President of the USA;" (2) that the indictment against Petitioner "failed to state an offense," and the "trial court lacked jurisdiction" to sentence him; and (3) that the trial court erred by imposing an excessively long sentence. Petitioner expressly demands that he "must be immediately released from custody."

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is

---

[1] Although the petition indicates that Petitioner has applied for relief under 28 U.S.C. § 2255, (Petition, p. 4., § 10), it cannot be determined whether he has sought such relief with regard to the particular conviction for which he is currently incarcerated. It appears that he has filed two 2255 motions in the U.S. District Court for the District of New Mexico, and a third such motion in the Circuit Court for the District of Columbia. (Petition, p. 4, § 10.) However, there is no indication that he has filed a 2255 motion in the Western District of Texas, where he apparently was convicted and sentenced. This leads the Court to understand that Petitioner has not yet challenged his current custody in a 2255 motion brought before the District Court that effected such custody.

inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

As previously noted, the instant Petitioner is clearly challenging the validity of his criminal conviction and/or sentence. His petition is therefore subject to § 2255's exclusive remedy rule. Petitioner has not demonstrated that the remedy provided by § 2255 is inadequate or ineffective for the claims he is seeking to raise, and he is therefore barred from raising those claims in a petition brought under § 2241.[2] Habeas corpus relief is simply not available (under § 2241 or otherwise) for Petitioner's current claims.

Although the current petition could properly be dismissed (without prejudice) for lack of jurisdiction, (Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court concludes that the interests of justice would be better served by transferring this

---

[2] Petitioner's conclusory statement that "[t]he trial judge is being sued by me, along with the 5th Circuit," (Petition, p. 5, ¶ 12), will not excuse him from seeking relief under § 2255. If the trial court judge determines that he or she cannot hear Petitioner's § 2255 motion because of Petitioner's alleged lawsuit, that judge presumably will recuse himself or herself, (if recusal is appropriate), and a new judge will be appointed. (See Rules Governing Section 2255 Proceedings For The United States District Courts, Rule 4, Advisory Committee Notes.) Petitioner's alleged suit against the Fifth Circuit would have no immediate bearing on a § 2255 motion, because his motion would not come before that Court unless he eventually loses in the trial court and then appeals

case to the only district that could properly entertain a collateral challenge to Petitioner's conviction and/or sentence -- namely the Western District of Texas, the court in which he apparently was convicted and sentenced. See 28 U.S.C. §§ 1406(a) and 1631.[3]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to immediately transfer this action to the U.S. District Court for the Western District of Texas, pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: August 22, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[3] In light of the Court's determination that this action should be transferred to another District, Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), will not be addressed at this time. The transferee court will be allowed to rule on that application as it deems appropriate.